Filed 3/28/24  P. v. Baltrip CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUSTIN ALLEN BALTRIP,<br><br>    Defendant and Appellant. | D081430<br><br><br><br>(Super. Ct. No. SCD294912) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher B. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

A jury found Justin Allen Baltrip guilty of making a criminal threat. Baltrip's sentencing memorandum claimed that "he suffers from Post

Traumatic Stress Disorder [PTSD]" as a result of a prison term he served in his youth and that this "trauma was a contributing factor to the commission of this offense" such that the lower term presumptively applied under Penal Code section 1170, subdivision (b)(6)(A). No one—not Baltrip, the People, nor the trial court—expressly referenced subdivision (b)(6)(A) during the sentencing hearing. After "consider[ing] the possible circumstances in mitigation as well as the possible circumstances in aggravation," the court sentenced Baltrip to the middle term of two years in state prison for the offense.

On appeal, Baltrip claims that, as the low term presumptively applied, the court abused its discretion by imposing the middle term absent pled and proven aggravating factors outweighing the substantial mitigating factors. We resolve this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847) and affirm.

Under recent amendments to section 1170, "the court shall order imposition of the lower term" if one or more specified mitigating circumstances was "a contributing factor in the commission of the offense," unless the court finds the low term "would be contrary to the interests of justice" because aggravating circumstances outweigh the mitigating circumstances. (§ 1170, subd. (b)(6).)

Here, Baltrip claims he "experienced psychological, physical, or childhood trauma," one of the specified mitigating circumstances. (§ 1170, subd. (b)(6)(A).) According to Baltrip, the word *shall* in subdivision (b)(6) required the trial court to impose the lower term; in failing to do so, the court abused its discretion. We perceive two flaws in this argument.

First, section 1170(b)(6) requires the court to "ma[k]e" "additional factual findings" for the defendant to "qualif[y]" for a presumptive lower

2

term.  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 203-205 (*Hilburn*).)  Baltrip asserts subdivision (b)(6)(A) applies here due to trauma arising from a previous prison term he served in his early twenties.  However, Baltrip failed to provide the trial court with any facts or evidence beyond the bare fact of his time in prison as a young adult to support a finding that he in fact experienced trauma.  For example, he provided no medical records or affidavits to corroborate his unsubstantiated claim of PTSD.  And, in an interview with a probation officer, Baltrip "[d]enied" having any psychological or medical concerns or needs.  We agree with the People that Baltrip essentially asked the trial court to conclude as a matter of law that all persons incarcerated in their youth are traumatized by that experience.  Had the Legislature intended subdivision (b)(6)(A) to have this broad reach, the wording of the statute would reflect as much.  On this record, the trial court did not abuse its discretion in failing to make a finding that Baltrip experienced qualifying trauma.

Second, even assuming Baltrip satisfactorily evidenced trauma for purposes of section 1170(b)(6)(A), such a finding alone would not qualify him for the lower term presumption.  For the presumption to arise, Baltrip's trauma also must have been "a contributing factor in the commission of the offense."  (§ 1170, subd. (b)(6).)  Thus, the mere fact of Baltrip's trauma is insufficient for the presumptive lower term to apply without evidence linking that trauma to Baltrip's criminal threat offense.  (*People v. Banner* (2022) 77 Cal.App.5th 226, 241.)  Again, we agree with the People that Baltrip presented no such evidence.  Instead, his sentencing memorandum simply argued without support that Baltrip's trauma was a contributing factor because "Baltrip's desire to project a certain persona and keep people at bay comes from [his] experience" of "living in that environment as a young man."

3

There was thus an "[in]sufficient factual basis" to support this necessary finding. (*Hilburn, supra*, 93 Cal.App.5th at p. 205.) Rather, as the People note, Baltrip's argument that his trauma induces him to "keep people at bay" is inconsistent with the facts of the offense: Baltrip, unprovoked, threatened three people, including an elderly woman and a child, with a switchblade and pursued them. Accordingly, the trial court did not abuse its discretion in failing to make a finding that Baltrip's purported trauma was a "contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).)

While Baltrip "disagrees" with *Hilburn*'s reasoning, we reaffirm its interpretation of section 1170(b)(6). Because Baltrip failed to show he qualified for the presumptive lower term under section 1170(b)(6)(A), the standard middle term presumptively applied instead. (*Hilburn, supra*, 93 Cal.App.5th at pp. 204-205.) In sentencing Baltrip to the middle term, we conclude the trial court did not apply any aggravating circumstances in a manner that violates *Apprendi v. New Jersey* (2000) 530 U.S. 466. (*Hilburn, supra*, 93 Cal.App.5th at pp. 204-205.)

DISPOSITION

We affirm.

CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

4